DEPOSITORS SAV. & LOAN CO. v. GROSS.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8546. Decided July 24, 1928.

(Middleton, PJ., and Mauck, J., of the 4th Dist., and Lemert, J., of the 5th Dist., sitting.)

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

AGENCY—Contracts (150 A4)

(15 Ca) Where party contracts with agent, knowing at time of making contract that he is dealing with agent, but, notwithstanding that fact, contracts with agent alone, he cannot thereafter maintain action on said contract against agent's principal.

Error to Common Pleas.

Judgment reversed.

George Palda, Cleveland, for Depositors Sav. & L. Co.

Orgill, Maschke & Wickham, Cleveland, for Gross.

## STATEMENT OF FACTS.

In the second cause of action in the plaintiff's amended petition he alleges that on or about the 25th day of November, 1924, he entered into a contract in writing with one E. A. Bishop wherein he agreed in consideration of a certain amount of money to complete some buildings located at 68 and 71 Portland Avenue in the City of Cleveland, and that he completed said work in accordance with the terms of his contract and that there is a balance due him under said contract of $1466.00. He further alleges that after entering upon said contract he ascertained that the legal title to said premises was vested in the defendant company, the plaintiff in error in this proceeding, and that said company was the real owner of said premises, and that the said E. A. Bishop with whom he contracted was an agent of said company only for the purpose of having said buildings completed, and that this fact was unknown to him at the time of the making of the contract. It appears that by reason of these averments the plaintiff below recovered a substantial amount on his claim as set forth in said cause of action.

## MIDDLETON, PJ.

We have given the record more than usual attention and are led to the conclusion that the evidence, and particularly the plaintiff's own evidence in the trial court, does not support the averments made as aforesaid in his second cause of action.

It seems to be well settled that where a party contracts with an agent, knowing at the time of the making of the contract that he is dealing with the agent of another party but notwithstanding that fact contracts with the agent alone, he can not thereafter maintain an action on said contract against such agent's principal. Post v. Kinney, 3 Bul. 118, and cases there cited.

On page 30 of the record the plaintiff testified that he called upon Bishop and in answer to this inquiry

"And what did you say to him about this contract?"
he replied:

"I made him an offer, like anybody else, and I told him I would like to finish the houses for The Depositors Savings and Loan Company."

We are of the opinion that this evidence tending to show that Gross knew who owned the property is not counter balanced by any other competent evidence in the record and that the verdict of the jury, which was a general verdict but which manifestly included a finding in favor of the plaintiff on both causes of action stated in his petition, was and is manifestly against the law and the evidence. For this reason the judgment is reversed and the cause is remanded to the Court of Common Pleas for further proceedings according to law. (Lemert and Mauck, JJ., concur.)